UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Joseph Byrne

    v.                                    Civil No. 07-cv-43-JD
                                          Opinion No. 2007 DNH 082

Brunswick Corporation, et al.


O R D E R

After his high performance power boat was destroyed by fire on Lake Winnipesaukee in July of 2005, Joseph Byrne brought suit against the manufacturer of the boat's engines, the manufacturer of accessories installed on the boat, and individuals who were involved in the sale and service of the boat.  Frank Brancaccio, d/b/a Frank's Marine, moves to dismiss the claims against him on the ground that the court lacks personal jurisdiction over him.  Byrne objects.


Standard of Review

When a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) is presented for prima facie review, the court takes the facts alleged in the complaint as true and construes them in the light most supportive of jurisdiction.  Negron-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 23 (1st Cir. 2007).  The court also considers facts properly submitted by the defendant

but only to the extent that those facts are undisputed.  Id.  In response to a defendant's motion to dismiss under the prima facie standard, the plaintiff bears the "burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution."  Id. at 24 (internal quotation marks omitted).

## Background

Byrne alleges that he bought a 2005 Donzi Scorpion high performance boat in July of 2004 from Gillan Marine in Alton Bay, New Hampshire.  The boat was equipped with engines and outdrives manufactured by the Brunswick Corporation.  In August of 2004, Gillan Marine replaced parts of the starboard engine under the manufacturer's warranty.  At the end of the boating season in New Hampshire, Byrne took the boat to Florida to have the hull "blue printed" and for personal use there.

In December of 2004, Byrne contacted Frank's Marine, operated by Frank Brancaccio, in Berlin Center, Ohio, to install Whipple Superchargers to the engines.  Byrne chose Frank's Marine as an authorized dealer for the Whipple Superchargers.  He talked to Brancaccio on the telephone several times to arrange for service.  On December 21, 2004, Brancaccio sent Byrne a contract to sign for installation of the Whipple superchargers that was

addressed to Byrne in Alton Bay, New Hampshire.  The boat, however, was in Florida.  Brancaccio transported the boat from Florida to Ohio in March of 2005 where it was serviced at Frank's Marine until mid-July of 2005.

Byrne transported the boat back to Lake Winnipesaukee, New Hampshire, on July 24, 2005.  He tested the boat and found that the new port engine was having problems, which continued the next day when he went for a test run with Ernest Gillan who operates Gillan's Marine in Alton Bay.  Gillan said that an ignition module would fix the problem.  The next day, July 26, Byrne smelled smoke while operating the boat just outside of Alton Bay.  When he opened the engine hatch, he saw flames along the left side of the port engine.  The boat burned to the water line and was declared a total loss.

## Discussion

Bryne brings claims of negligence, breach of warranty, violation of the Magnuson-Moss Act, and violation of New Hampshire's Consumer Protection Act against the defendants, including Frank Brancaccio.  Brancaccio moves to dismiss the claims against him for lack of personal jurisdiction.  Byrne objects.

Brancaccio filed a reply to Byrne's objection.  Byrne moves to strike the reply on the ground that Brancaccio failed to file a notice of his intent to file a reply as provided in Local Rule 7.1(e).  Contrary to Byrne's motion, the purpose of Local Rule 7.1(e) is to establish a time when a motion is ripe for consideration by the court.  Failure to file a notice of intent to file a reply simply results in the motion being ripe without waiting for a reply.  As Byrne provides no basis to strike Brancaccio's reply, the motion is denied.

When, as here, a case is brought in this court pursuant to diversity jurisdiction, the plaintiff "must show that the New Hampshire long-arm statute grants jurisdiction, and if it does, that the exercise of jurisdiction under the statute is consistent with the requirements of the Federal Constitution."  N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 24 (1st Cir. 2005); Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995).  New Hampshire's long-arm statute, New Hampshire Revised Statutes Annotated § 510:4(I), provides jurisdiction over a nonresident who "transacts any business within this state, commits a tortious act within this state, or has the ownership, use, or possession of any real or personal property situated in this state."  The statute has been interpreted to confer personal jurisdiction "to the full extent the statutory language and due process will allow."  N.

Laminate, 403 F.3d at 24 (internal quotation marks omitted). Due process requires sufficient contacts with the forum state to support jurisdiction, which may be satisfied under general jurisdiction or specific jurisdiction analyses. Id.

Brancaccio contends that jurisdiction is lacking because he conducts his business, as Frank's Marine, only in Ohio and that neither he nor his business has had any substantial contacts with New Hampshire. Byrne responds that specific personal jurisdiction exists over Brancaccio based on his communications with Byrne in New Hampshire and the service provided to the boat, which was registered in New Hampshire and returned to New Hampshire after servicing in Ohio.

Specific personal jurisdiction exists if the nonresident defendant has had contacts with the forum state, New Hampshire in this case, that are related to the claim, if the defendant purposely availed himself of the privilege of doing business here, and if exercising personal jurisdiction would be reasonable under the circumstances. Negron-Torres, 478 F.3d at 24. When the plaintiff's assertion of specific jurisdiction is based on contract claims, such as breach of warranty, the plaintiff may rely on "inferences from the parties' prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" to satisfy

the jurisdictional requirements.  Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 135 (1st Cir. 2006) (internal quotation marks omitted).  When jurisdiction is based on tort claims, such as negligence, the plaintiff "must show a sufficient 'causal nexus' between [the defendant's] contacts with [the forum] and [the plaintiff's] causes of action."  Id. (internal quotation marks omitted).  Although Byrne does not expressly differentiate between his causes of action for purposes of showing jurisdiction, he focuses on the contractual nature of his relationship with Brancaccio.

Even if Byrne could satisfy the relatedness requirement, the jurisdictional analysis fails at the second step because he has not made even a prima facie case that Brancaccio purposefully availed himself of doing business in New Hampshire.  Defendants who "'reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for the consequences of their actions.'"  Id. at 136 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985)).  Merely contracting with a citizen of another state, however, is not enough to invoke personal jurisdiction.  Id.  Instead, a plaintiff relying on specific personal jurisdiction based on a contract theory must present evidence of action by the defendant

6

that shows he directed activity into the forum state.  Id. at 137.

In this case, it is undisputed that Byrne reached out to Brancaccio in Ohio to service his boat, not the other way around. Although Brancaccio sent the simple invoice contract to Byrne in New Hampshire for his signature, he did so in response to Byrne's contacting him about installation of the superchargers.  Byrne alleges that he had "a number of telephone conversations" with Brancaccio about installing the superchargers and transporting the boat from Florida to Ohio.  Byrne does not say who made the calls, where he was when the calls occurred, or dispute the context that the calls were the result of his initial overture to Frank's Marine.

Further, the boat was serviced in Ohio, and any future service by Frank's Marine would have been done in Ohio.  It is unlikely that either party intended or expected a continuing relationship, given the distance and the transportation required for servicing the boat in Ohio.  Brancaccio transported the boat from Florida, not New Hampshire, to Ohio for service.  Assuming that Brancaccio was aware that the boat was registered in New Hampshire and that Byrne used the boat in New Hampshire, that information in these circumstances is insufficient to support specific personal jurisdiction based on a contract theory.

Byrne does not address Brancaccio's contacts with New Hampshire for purposes of specific jurisdiction based on his negligence claim. The facts presented here, however, would not support jurisdiction. A prima facie case of personal jurisdiction under a tort theory requires showing that Brancaccio's activities in New Hampshire were important or material to Byrne's negligence claim. Platten, 478 F.3d at 137. Brancaccio's activities in New Hampshire are limited to sending a contract to Byrne at his address in Alton Bay and telephone conversations with Byrne, who may have been in New Hampshire.

Importantly, Brancaccio provides services, not tangible goods, and conducts his business entirely in Ohio, which does not support the jurisdictional analysis. See Harlow v. Children's Hosp., 432 F.3d 50, 63 (1st Cir. 2005). To the extent Byrne would argue that "but for" Brancaccio's contract with Byrne for the superchargers the boat would not have burned in New Hampshire, that is not enough to support personal jurisdiction based on his negligence claim. Id. at 62. No other connection is apparent.

## Conclusion

For the foregoing reasons, the plaintiff's motion to strike (document no. 19) is denied. The defendant's motion to dismiss for lack of personal jurisdiction (document no. 14) is granted. All claims against defendant Frank Brancaccio, d/b/a Frank's Marine, are dismissed for lack of personal jurisdiction.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

June 26, 2007

cc: Clyde C. Greco, Jr., Esquire
    Timothy G. Kerrigan, Esquire
    John A. Lassey, Esquire
    James M. McNamee, Jr., Esquire
    George R. Moore, Esquire
    Peter J. Schulz, Esquire
    Mary E. Tenn, Esquire